Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
John Tehranian (Bar No. 200767)
jtehranian@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (310) 943-2085

*Attorneys for Plaintiff,*
*Elmer Saflor*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ELMER SAFLOR, an individual, | Case No.: 2:26-cv-07153 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| v. | |
| MEMES APPS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Elmer Saflor ("Saflor" or "Plaintiff"), complains against Defendant Memes Apps, LLC ("Defendant" or "Memes App"), and Does 1-10 (collectively, "Does Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendant for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and on information and belief, the Defendant may be found in this judicial district and the injury suffered by Plaintiff took place in this judicial district. Defendant is subject to the general and specific personal jurisdiction of this Court because it has its principal place of business in this judicial district and has engaged in continuous and systematic business in this judicial district, including by offering and putative licensing/sale of infringing works in this judicial district, thereby committing acts of infringement in this judicial district. Defendants have chosen to direct their infringing activities at California, including by effectuating putative licenses/sales of infringing works into California and this judicial district, fulfilling orders by customers in California and this judicial district, and enabling and assisting California residents to infringe copyrights through its service.

## PARTIES

3.      Plaintiff Elmer Saflor is an individual residing in the Philippines.

4.      On information and belief, Defendant Memes Apps, LLC is a Delaware limited liability company with its principal place of business in North Hollywood, California and launched the www.memes.ai website in 2026.

5.      The true names or capacities, whether individual, corporate or otherwise, of the Does Defendants named herein as Does 1 through 10, inclusive,

2

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Saflor and the Digital Artwork that Frames This Dispute*

6. Saflor is a digital creator and artist based in the Philippines.

7. Among many other fictional characters, Saflor created Superelmer, a human-like cartoon depicted in digital artwork and comics. One of Saflor's most popular creations, *Running Away Balloon*, is a piece of digital art that depicts a two-box comic strip featuring a stylized rendition of Superelmer. In the first box, Superelmer reaches for a yellow balloon while smiling. In the second box, the same image is recreated with a few key changes: this time it shows a supersized bead of sweat dripping down Superelmer's face as a larger, pink figure looms directly behind him.

8. All rights, title and interest in the *Running Away Balloon* art, including but not limited to the copyrights therein and thereto, are owned by Saflor. Saflor filed for copyright registration of the *Running Away Balloon*. The copyright registration number is VA 2-397-201 with an effective registration date of March 21, 2024. A true and correct copy of Plaintiff's copyright registration certificate is attached hereto as **Exhibit A**.

9. Saflor has never licensed, sold, authorized or in any way provided permission to Defendant to reproduce, distribute, publicly display, derivatize or otherwise make any use of *Running Away Balloon* in any way and any such activity is without permission, consent or license of Saflor.

10. Based on publicly available information, Defendant's website www.memes.ai which forwards to https://templates.memes.com/ (the "Website") appears to have launched in 2026, after the copyright registration.

3

**COMPLAINT**

11.     On information and belief, Defendant Memes App owns and operates the content creation platforms Memes.ai and Memes AI Studio. Based on information and belief, Defendant derives substantial revenue-generating media business, given its publicly stated portfolio of 40+ brands and 75M+ followers across social media.

12.     Defendant's Website offers a portfolio of pre-existing "template" artwork from which it creates proposed meme designs for use on a client's own website, landing page, or other URL to promote that client's brand, as shown here:



*See* https://templates.memes.com/.

13.     Said meme designs are offered for commercial use and licensing/sale to third-party clients.  The platform is marketed as a commercial AI ad generator for brands, agencies, founders, and marketers. Its pricing page offers paid monthly plans ranging from Starter at $40/month to Elite at $199/month, with included

**COMPLAINT**

monthly quotas for commercial meme ads, video generations, and autopilot ad scheduling. The plans advertise substantial commercial output, including 100 to 1,000 meme ads per month, up to 60 video generations per month, and autopilot scheduling for up to 50 ads per run.

*See* https://templates.memes.com/.

14.     Defendant publicly represents to clients that ads generated through the Memes.ai platform may be used commercially for business purposes, including paid advertising. Defendant's Website states: "Ads generated through Memes.ai are yours to use for your business — in paid ads, social media posts, email campaigns, websites, and any other commercial purpose. You retain full usage rights to your generated creatives."

15.     Thus, once a client is signed up for the service, it can search the Memes.ai platform and use Saflor's *Running Away Balloon* digital artwork as a so-called "template" to create a commercial meme that directly and wholly utilizes *Running Away Balloon* for advertising purposes. The template is even displayed under the platform's template section as "*Running Away Balloon.*"

///

///

///

5

**COMPLAINT**



*See* https://studio.memes.media/app/templates.

16.    As such, Defendant has violated federal law by willfully infringing Plaintiff's copyrights to the *Running Away Balloon* digital artwork on, at least, its publicly accessible Website where, among other things, it reproduces, publicly displays, distributes and/or derivatizes the work.

17.    Additionally, Defendant materially contributes to, causes, enables, facilitates and induces the reproduction, distribution, derivatization, and public display of the *Running Away Balloon* digital artwork and derivatives thereof, all while knowing or having reason to know of the infringement on their account was without permission, consent or license. Indeed, by uploading the *Running Away Balloon* digital artwork to its Website, Defendant encouraged users to license, modify and reproduce and repost the *Running Away Balloon* artwork, causing others to also willfully infringe and multiplying the harm to Plaintiff.

18.    Defendant has the right and ability to supervise and control the infringing activities because Defendant operates and controls its Website and web-

6

**COMPLAINT**

based Meme AI Studio upon which Plaintiff's digital artwork is exploited and used and financially benefits from the infringement of the *Running Away Balloon* art displayed thereon by, among other things, receiving compensation for the exploitation of memes featuring the work and/or derivatives thereof. Defendant additionally has driven significant traffic to its website in large part due to the presence of the sought-after and searched-for *Running Away Balloon* art that frames this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

19. Defendant is a sophisticated entity that is well-aware of the need to license Saflor's, or any other creator's copyrighted memes when offered for commercial use. Among other things, Defendant advertises that creators can "fire your ad agency" (agencies that legitimately license pre-existing content they use rather than usurping it without permission or, and payment to, content copyright holders such as Saflor) and use Defendant's service to save money. Defendant also claims copyright protection in its own website and content therein.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 - Against Defendant Memes Apps, LLC and DOE Defendants)**

20. Saflor incorporates by reference the allegations in paragraphs 1 through 19 above.

21. Saflor is the owner of all rights, title, and interest in the copyright of the *Running Away Balloon* art that frames this dispute, which substantially consists of wholly original material and which is copyrightable subject matter under the laws of the United States.

22. Saflor has registered his digital artwork *Running Away Balloon* with the United States Copyright Office. *See* Ex. A, VA 2-397-201 (March 21, 2024).

**COMPLAINT**

23.    Starting in 2026, Defendant has directly, vicariously and/or contributorily willfully infringed Saflor's copyright by reproducing, displaying, distributing, derivatizing, and utilizing and offering for commercial license/sale the *Running Away Balloon* art, or derivative versions thereof, for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

24.    Defendant's acts are and were performed without permission, license or consent of Saflor.

25.    As a result of the acts of Defendant alleged herein, Saflor has suffered substantial economic damage.

26.    Defendant has willfully infringed, and unless enjoined, will continue to infringe Saflor's copyright by knowingly reproducing, displaying, distributing and utilizing his artwork by, among other things, virtue of Defendant's encouragement of the infringement and financial benefit they receive from Saflor's copyright.

27.    The wrongful acts of Defendant have caused, and are causing, injury to Saflor, which cannot be accurately computed and unless this Court restrains Defendant from further commission of said acts, Saflor will suffer irreparable injury, all of which it is without an adequate remedy at law. Accordingly, Saflor seeks a declaration that Defendant is infringing Saflor's copyrights, and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    That Defendant, and their officers, agents, servants, employees and representatives, and all persons in active concert or participation with them, be permanently enjoined from reproducing, distributing, publicly displaying, promoting, advertising, selling/licensing, or engaging in any other form of dealing or transaction in any and all of Saflor's artwork or any derivatives thereof;

8

**COMPLAINT**

2.     That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, distribution, public display, derivatization, promotion, or licensing/sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiffs' copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.     For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and for all damages suffered by Saflor by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.     For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.     For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and,

8.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  July 1, 2026                              **ONE LLP**


                                                  By: */s/ Peter R. Afrasiabi*
                                                        Peter R. Afrasiabi
                                                        John Tehranian

                                                        *Attorneys for Plaintiff,*
                                                        *Elmer Saflor*

9

**COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Elmer Saflor hereby demands trial by jury of all issues so triable under the law.


Dated:  July 1, 2026                                    **ONE LLP**


By: */s/ Peter R. Afrasiabi*
     Peter R. Afrasiabi
     John Tehranian

     *Attorneys for Plaintiff,*
     *Elmer Saflor*

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**